# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATHAN WOHLRABE,

                    **Petitioner,**

          v.                                    **Case No. 25-CV-1284**

MILWAUKEE COUNTY,

                    **Respondent.**

## ORDER

On August 11, 2025, Nathan Wohlrabe filed with the Court of Appeals for the Seventh Circuit a document captioned "Petitioner's Application for Original Writ of Habeas Corpus." (ECF No. 2.) The court of appeals transferred the action to this court along with an Order of Commitment from Milwaukee County Circuit Court in case number 22CF3428 (ECF No. 2) and a Motion for Permission to Appeal In Forma Pauperis (ECF No. 4).

"All persons applying or petitioning for release from custody under 28U.S.C. § 2241 or 28 U.S.C. § 2254, or moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court must file their application, petition, or motion with the Clerk of Court using forms available from the Court." Civ. L.R. 9(a)(1) (E.D. Wis.). Therefore, if Wohlrabe wishes to proceed with his petition for a writ of habeas corpus,

within **21 days** of the date of this order he must file his petition using the court's standard form. The Clerk shall provide him with the form along with this order.

Moreover, Wohlrabe must pay the $5.00 filing fee. Having reviewed Wohlrabe's motion to proceed in forma pauperis and accompanying documents (ECF Nos. 4, 5, 6, 7), the court finds that he has the resources to pay the filing fee, and therefore his motion is **denied**.

The court cautions Wohlrabe that before turning to federal court with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a person incarcerated pursuant to a state court judgment ordinarily must first exhaust his remedies in state court. 28 U.S.C. § 2254(b). This means that the petitioner must first present every claim for relief to a full round of review in the state courts to include the circuit court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court. *See Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). If a person files a petition without first exhausting his remedies in state court, the federal court ordinarily must dismiss it without considering its merits. *See Sanders v. Radtke*, 48 F.4th 502, 509 (7th Cir. 2022).

Additionally, a federal court cannot grant relief under 28 U.S.C. § 2254 for all manner of claims. Only if the petitioner is in custody as a result of a "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" can a federal court grant habeas relief to a

state prisoner. 28 U.S.C. § 2254(d). But even then, certain categories of claims are largely excluded from review. For example, federal courts generally cannot grant habeas relief for alleged violations of the Fourth Amendment. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

**If Wohlrabe fails to submit an amended petition using the court's standard form and to pay the $5.00 filing fee within 21 days of the date of this order the court will dismiss this action.**

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 29th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge