UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WOHLRABE,

          Petitioner,

v.                          Case No. 25-CV-1284

GREGORY VAN RYBROECK,

          Respondent.

## ORDER

Nathan Wohlrabe is incarcerated at the Mendota Mental Health Institute after having been found not guilty by reason of mental disease or defect in Milwaukee County Circuit Court. He seeks a writ of habeas corpus under 28 U.S.C. § 2254.

The court must screen any such petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court …." Rule 4 of the Rules Governing Section 2254 Cases.

As the court cautioned Wohlrabe in its order requiring him to submit an amended petition using the court's standard form,

> before turning to federal court with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a person incarcerated pursuant to a state court judgment ordinarily must first exhaust his remedies in state court. 28 U.S.C. § 2254(b). This means that the petitioner must first present every claim for relief to a full round of review in the state courts to include the circuit court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court. *See Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). If a person files a petition without first exhausting his remedies in state

court, the federal court ordinarily must dismiss it without considering its merits. *See Sanders v. Radtke*, 48 F.4th 502, 509 (7th Cir. 2022).

*Wohlrabe v. Milwaukee Cty.*, No. 25-CV-1284, 2025 U.S. Dist. LEXIS 168715, at *2 (E.D. Wis. Aug. 29, 2025). Although technically an affirmative defense that the respondent may waive, *see* 28 U.S.C. § 2254(b)(3), courts routinely find that dismissal under Rule 4 is appropriate when it is clear that a petitioner has not exhausted his state court remedies. *See, e.g.*, *Kennison v. Sheriff*, No. 1:25-CV-188-GSL-AZ, 2025 U.S. Dist. LEXIS 93934, at *1 (N.D. Ind. May 16, 2025); *It v. Mlodzik*, No. 25-CV-598-JPS, 2025 U.S. Dist. LEXIS 105738, at *3 (E.D. Wis. June 4, 2025).

Wohlrabe acknowledges that he did not exhaust his state court remedies as to any of his claims. He explains that it is hard to get help to do so while incarcerated and "when so close to completing this current sentence, appealing to withdraw plea for new trial seems risky." (ECF No. 11 at 7-8.) The only effort towards exhaustion he undertook was to file a motion for sentence modification, which was denied. (ECF No. 11 at 8.)

Wohlrabe's lack of legal knowledge does not excuse his failure to exhaust. *See Grady v. Benik*, No. 04-C-717-C, 2004 U.S. Dist. LEXIS 23409, at *3 (W.D. Wis. Nov. 2, 2004) (citing *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Dellinger v. Bowen*, 301 F.3d 758, 763 (7th Cir. 2002); *Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir. 1990). Therefore, the court cannot grant Wohlrabe's petition. *See* 28 U.S.C. § 2254(b)(1).

When a petitioner has failed to exhaust his state court remedies, the court must consider whether it is appropriate to stay or dismiss his petition. *See Dolis v.*

2

Case 1:25-cv-01284-BBC     Filed 09/15/25     Page 2 of 3     Document 12

*Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Wohlrabe acknowledges that he chose not to exhaust his state court remedies because pursuing a new trial, with the possibility of a longer sentence if he was convicted, was too risky in light of how close he is to completing his current term of incarceration. When a petitioner has chosen to forego exhaustion, a stay is not appropriate. Accordingly, the court will dismiss his petition without prejudice.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Wohlrabe a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Wohlrabe acknowledges that he did not exhaust his state court remedies and fails to offer any explanation that would plausibly excuse his failure, the court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Nathan Wohlrabe's amended petition and this action are dismissed without prejudice. The Clerk shall enter judgment accordingly. The court denies a certificate of appealability.

Dated at Green Bay, Wisconsin this 15th day of September, 2025.

*s/ Byron B. Conway*  
BYRON B. CONWAY  
U.S. District Judge